Judge Owsley
delivered the opinion of the court.
To coerce the payment of an obligation given to a certain Buckner Russell, Silas Burtis, as the assignee of Russell, brought an action at law against Duval in the Green circuit court.
To be relieved against the obligation, Duval, whilst the suit was depending, exhibited his bill in equity, and obtained an injunction against the proceedings at law.
The bill charges that, induced by the false and fraudulent representations of a certain Boaz Burriss of his ability and intention promptly to pay, Duval sold to him a horse called Porto, for l.200, and received his obligations for that sum, payable in horses and cattle: that, shortly after the sale, being informed of the intention of Burriss never to pay, Duval pursued him to Claiborne county in the state of Tennessee, and having ascertained that he was privately removing with all his property from the county, obtained from a justice of the peace an attachment against his estate, but being unable to find any of his effects, and understanding from the information of others that Buckner Russell, in whose possession the horse Porto then was, was the secret partner and confederate of Burriss in the purchase from him, Duval, and that Russell would aid Burriss in preventing the service of the attachment, determined, as a mean of indemnity, to repurchase the horse from Russell: that, accordingly, Duval contracted for the horse, and gave his obligation for the payment of $500, the price agreed to be given; but at the making of the contract, it was distinctly understood, that Russell should take the attachment, pursue Burriss, and credit the obligation given by Duval for the value of property then secured from Burriss: that, accordingly, Russell received the attachment, pursued and overtook Burriss, received from him one horse of the value of $120, and might have obtained property equal in value to the amount of the obligation of Duval: but, instead of restoring to Duval the obligation according to agreement, transferred it to Burtis. The bill, moreover, makes Burriss, Russell and Burtis, defendants, and asks to be relieved from the obligation given to Russell, &c.
The answer of Russell denies the copartnership and confederacy charged in the bill; states that he purchased the *121 horse Porto from Burriss in good faith for a valuable consideration;—alledges that he sold the horse to Duval at the price of $500, and at the request of Duval accepted the attachment and agreed to pursue Burriss, and for whatever might be received from Burriss, after paying him for his trouble and expense in the pursuit, to credit Duval’s obligation: Says that he accordingly pursued Burriss, and with his utmost vigilance, obtained but one horse, worth about $90, forty dollars whereof has been credited upon Duval’s obligation, and the balance retained by him for his services and expense in the pursuit—and denies the fraud and combination charged, &c.
Burriss, by his answer, denies the material allegations of the bill: and Burtis requires proof of the various charges made by Duval.
The court below, supposing that Duval was entitled to a further credit of $50, made the injunction perpetual for that sum, and dissolved it for the residue, and decreed Duval to pay cost. From that decree Duval has appealed to this court.
From the allegations of Duval’s bill it will be perceived that two grounds are assumed, upon which relief is sought against the obligation given to Russell—
1. That of the supposed copartnership and secret combination between Burriss and Russell to obtain from Duval the horse Porto.
2. That of the liability of Russell, under his agreement with Duval to pursue and attach the property of Burriss.
With respect to the first ground, however, the record presents no evidence calculated to prove either a copartnership or combination between Russell and Burriss, in relation to the purchase of the horse from Duval. The only evidence, except that of neighborhood rumors, conducing in the slightest degree to prove such a combination or copartnership, is that of Russell having the horse in his possession shortly after Burriss obtained him from Duval; but that circumstance is sufficiently accounted for and fully explained by the further evidence, introduced by Russell, of his having purchased the horse from Burriss subsequent to the sale by Duval. And whilst it is conceded that the sum paid by Russell is not equal to that stipulated to be given by Burriss, the price appears to have been ascertained by the intervention of valuers mutually chosen by Russell and Burriss; and although the valuation may have been *122 procured in a manner dishonorable to Russell as respects the interest of Burriss, that only proves that by the address and management of Russell he obtained the horse from Burriss for less than his intrinsic value, but cannot prove that by a previous combination or concert between them the purchase was made of Duval.
But with respect to the second ground there is more difficulty.
The depositions in relation to the alledged undertaking of Russell to pursue and attach the property of Burriss, are, on both sides, numerous and in many respects utterly irreconcilable. From a view of all the circumstances detailed, however, we think that Russell by his agreement contracted to credit the obligation of Duval for so much only as might, by a vigilant pursuit, be obtained from Burriss through Duval’s attachment: And thus considering the agreement, we are unable to perceive any credit to which Duval has shewn himself entitled, and which he has not obtained by the decree of the court below.
It is obvious, that as the attachment issued in the state of Tennessee, it could not be levied in the state of Kentucky; and under the agreement to cause the property of Burriss to be taken under the attachment which issued in Tennessee, Russell cannot have been required to do more than exercise proper diligence in pursuing the property within the limits of the state from whence the attachment emanated. And that Russell exercised due and proper diligence in pursuing the property of Burriss from the evidence in the cause there is no room to doubt; for it is in proof that he set out with all practicable dispatch, and with the utmost vigilance was unable to procure a levy of the attachment until Burriss had arrived within the limits of Kentucky.
It appears, however, that Russell did not, as he might, abandon the pursuit upon ascertaining that Burriss’s property could not be obtained in the state of Tennessee; but he is moreover proven to have procured from Burriss, in the state of Kentucky, one horse of the value of about $90, in part satisfaction of Duval’s demand. For the value of that horse Duval is, no doubt, as was determined by the court below, entitled to a credit upon his obligation: not, however, because Russell was bound to pursue Burriss into the state of Kentucky, but because, as the property was received by him in part satisfaction of Duval’s demand, he must have received the horse to the use of Duval, and under his *123 agreement should be applied to a partial extinguishment of the obligation transferred to Burtis.
A compl't shewing himself entitled to relief, but not to the extent demanded, shall recover his cost below; and in the appellate court each party pay his own costs.
Wickliffe for appellant, B. Hardin for appellees.
The circumstance of Burriss being possessed of other property when Russell obtained from him the horse, cannot entitle Duval to an additional credit upon his obligation For, as the property was within the state of Kentucky, it was not subject to the attachment, and the circumstance of Russell having done more than by the terms of his undertaking he was bound to do, cannot have created an obligation subjecting him to a still further liability to Duval.
Duval has, however, shewn himself equitably entitled to the credit for which he obtained a decree in the court below, and was consequently entitled to his cost in that court.
The decree, therefore, compelling Duval to pay cost, must be reversed; but as it is otherwise correct, each party must pay their own costs in this court.
The decree, except for cost, must be affirmed. The cause must be remanded to the court below, and a decree there rendered in favor of Duval for his costs in that court.